JACOB A. GALUSHA, plaintiff in error, *v.* LYMAN BUT-TERFIELD, JUDE P. GAREY, ERASTUS GAREY, and SAMUEL FREEMAN, defendants in error.

*Error to Cook.*

Under the plea of *non cepit,* in an action of replevin, the title to the property in controversy is not put in issue. The only question to be tried by jury, is the taking of the property by the defendant, as alleged by the plaintiff.

If a Court is held at a time unauthorized by law, all its judgments and proceedings of such term, are without warrant of law, and consequently void.

THIS cause was tried by a jury at a term of the Cook Circuit Court, holden in March, 1839, the Hon. John Pearson presiding. The jury gave a verdict, upon which judgment was rendered, in favor of the defendants, for $1 damages and costs. The cause was brought into this Court by the plaintiff, by writ of error.

G. SPRING, J. M. STRODE, and W. W. BRACKETT, for the plaintiff in error.

B. S. MORRIS and JUSTIN BUTTERFIELD, for the defendants in error.

WILSON, Chief Justice, delivered the opinion of the Court :

This was an action of replevin, to which the defendants pleaded two pleas : first, *non cepit;* secondly, that the title to the property in controversy, was in them. Upon these, issue was taken, and the parties went to trial. The plaintiff's attorney asked the Court to instruct the jury, " That under the first plea, the plaintiff is only bound to prove that the timber mentioned in the declaration, was taken in the place specified in said declaration, and is not, under said plea, bound to prove that the timber is his property." This instruction the Court refused to give; to which the plaintiff excepted.

Under the plea of *non cepit,* in an action of replevin, the title to the property in controversy is not put in issue. The only question to be tried by the jury, is the taking of the property by the defendant, as alleged by the plaintiff. The plaintiff was, therefore, entitled to the instruction prayed for, and the Court erred in refusing to give it. (1)

It is also assigned for error, that the Court was held, and the judgment rendered, at a term unauthorized by law. The record shows the judgment to have been rendered at a regular term in March, 1839 ; whereas, by an act of the legislature, passed at a session preceding this term, the time of holding the Spring term of

(1) 2 Stark. Ev. 715.

the Circuit Court for Cook county, was changed from the month of March to that of April. The Court having been held, therefore, at a time unauthorized by law, all its judgments and proceedings of the term, are without warrant of law, and consequently void.

The judgment is reversed with costs, and the cause remanded to the Court below.

*Judgment reversed.*

*Note.* See Goodsell *et al. v.* Boynton *et al.,* 1 Scam. 555; Note to Mason *v.* Finch, *Ante* 225.